Singh v. Sessions

BIA
Christensen, IJ
A205 935 135

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand eighteen.

PRESENT:
   RICHARD C. WELSEY,
   PETER W. HALL,
   GERARD E. LYNCH,
      *Circuit Judges.*

_____

AMRITPAL SINGH,
      *Petitioner,*

v.                                                 17-739
                                                   NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:          Anas J. Ahmed, Pannun The Firm,
                         P.C., Jackson Heights, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Andrew N.
                         O'Malley, Senior Litigation
                         Counsel; Lindsay M. Murphy, Trial
                         Attorney, Office of Immigration

Litigation, United States
Department of Justice,
Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Amritpal Singh, a native and citizen of India, seeks review of a February 17, 2017, decision of the BIA affirming a July 20, 2016, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Amritpal Singh,* No. A205 935 135 (B.I.A. Feb. 17, 2017), *aff'g* No. A205 935 135 (Immig. Ct. N.Y. City July 20, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the

2

circumstances," and may base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies or omissions in his or his witness's statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. "We defer . . . to an IJ's credibility determination unless . . .it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. For the reasons that follow, we conclude that substantial evidence supports the agency's adverse credibility determination.

First, contrary to Singh's assertions, the agency properly relied on his border interview record when assessing credibility. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 179-81 (2d Cir. 2004) (observing that a credibility determination may be based on inconsistencies arising from an airport interview). We exercise caution when reviewing border interview statements because such interviews "may be perceived . . . as coercive or threatening . . . [and] aliens may not be entirely forthcoming in the initial interview." *Id.* at 179. The agency may nevertheless rely on border interview statements

3

when assessing credibility if the interview record "bears hallmarks of accuracy and reliability." *Ming Zhang v. Holder*, 585 F.3d 715, 721 (2d Cir. 2009) (quoting *Ramsameachire*, 357 F.3d at 181). Some of those hallmarks are that the interview was memorialized in a typewritten document, was conducted through an interpreter, and included questions designed to elicit an asylum claim. *Id.* at 725. As the IJ correctly observed, those hallmarks are present here. Moreover, as the Government observes, Singh's counsel did not object to the admission of the border interview record before the IJ. The agency therefore properly considered the interview record when assessing Singh's credibility.

Second, the agency reasonably relied on inconsistency among Singh's application, testimony, and border interview about when he began having problems with members of the rival Congress Party ("CP"). *Xiu Xia Lin*, 534 F.3d at 163-64, 167. Singh provided in his application and testimony that he first had problems in February 2011, but he stated during his 2013 border interview that his problems began four or five years earlier. The agency was not required to credit Singh's explanation that his father had problems with the CP then because it did not resolve the inconsistency given that Singh

4

was asked when his own problems with the CP began. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Third, the agency reasonably relied on inconsistency among Singh's application, testimony, and interviews concerning his reports to the police. *Xiu Xia Lin*, 534 F.3d at 163-64, 167. Singh gave varying accounts of his reporting to police: he stated during his border interview that he complained to the police many times, but they refused to help; he stated during his credible fear interview that he and his father reported both attacks, but the police refused to help them and pushed them out of the station each time; he provided in his application that he and his father reported only the February 2013 attack; and he testified that he reported only the February 2013 attack with his father, but that his father had complained to the police by himself many times. The agency was not required to credit Singh's explanation that he misspoke during his border interview because he was nervous. *See Majidi*, 430 F.3d at 80-81. An applicant's "mere recitation that he was nervous or

5

felt pressured during an [initial] interview will not automatically prevent the IJ or BIA from relying [o]n statements in such interviews when making adverse credibility determinations," *Yun-Zui Guan*, 432 F.3d at 397 n.6, and Singh's explanation did not resolve the inconsistency between the subsequent credible fear interview and his application and testimony.

Fourth, the agency reasonably relied on inconsistency between Singh's testimony and credible fear interview regarding who attacked him in June 2012. *Xiu Xia Lin*, 534 F.3d at 163-64, 167. Singh testified that he recognized two of the men because they had previously threatened him, but he stated during his credible fear interview that he did not recognize any of his attackers. Although Singh contends that the IJ erred by failing to solicit an explanation for this inconsistency, the Government is correct that Singh failed to exhaust this challenge before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (providing that issue exhaustion is mandatory). Regardless, even assuming that this inconsistency was not obvious, and that the agency therefore erred by failing to solicit an explanation, remand would be futile given the support for the agency's credibility

6

determination set forth above.  *See Ming Shi Xue v. BIA*, 439

F.3d 111, 121 (2d Cir. 2006) ("[W]here the perceived

incongruities in an asylum applicant's testimony are not

plainly obvious, an IJ cannot rely on them to support an adverse

credibility ruling without first identifying the alleged

inconsistencies for the applicant and giving the applicant an

opportunity to address them."); *Li Hua Lin v. U.S. Dep't of

Justice*, 453 F.3d 99, 106-07 (2d Cir. 2006) (observing that

remand is futile if the agency's "errors are relatively minor

in light of the record as a whole"; for example, "where the IJ

or BIA's reliance on an erroneous aspect of its reasoning is

so tangential that there is no realistic possibility that the

outcome would be different on remand." (internal quotation

marks omitted)).[1]

Given the foregoing inconsistencies, the "totality of the

circumstances" supports the agency's adverse credibility

determination.  *Xiu Xia Lin*, 534 F.3d at 167.  The adverse

credibility determination is dispositive of asylum,

withholding of removal, and CAT relief because all three claims

---

[1] The IJ also considered SADM's failure to mention any ill-treatment of Petitioner in its letter supporting Petitioner's claim.  *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 81 (2d Cir. 2018).  We need not address whether this bears on the credibility determination, as the BIA did not rely on it, and the above inconsistences, on which the BIA did rely, are sufficient to support its decision.

are based on the same factual predicate.  *See Paul v. Gonzales*,

444 F.3d 148, 156-57 (2d Cir. 2006).

    For the foregoing reasons, the petition for review is

DENIED.

                        FOR THE COURT:
                        Catherine O'Hagan Wolfe
                        Clerk of Court